William J. Regan, S,
There is a long and arduous history in connection with this matter, commencing with the denial of probate of decedent’s will dated January 31,1957 by a Supreme Court jury and order of this court on April 7, 1959, Then followed the contest relating to the will of decedent dated January 11, 1957 and the denial of probate of that will by this court after a Supreme Court jury’s verdict. The order of this court in that matter was dated April 1, 1963. Next were appeals in the Appellate Division (21 A D 2d 849) which reversed the findings of the Supreme Court jury and held that will of January 11,1957 to be valid and entitled to probate and then the appeal to the Court of Appeals which affirmed the Appellate Division’s decision (15 N Y 2d 916).
Now we are in the stage of final culmination, we hope.
Numerous motions, cross motions, orders and cross orders appeared on this court’s calendar from early in 1959 until this very day. Interspersed among these proceedings were other legal maneuyerings, including a Supreme Court action for the setting aside of deeds made by decedent and finally a trial in that forum, which also was recently concluded.
From the above one might be given the impression that these were matters of great moment and great values of real and *908 personal property involved. True it is, that attorneys, by their oaths of office, commit themselves to achieve for their clients rights and remedies which the law affords, and true it is that attorneys are necessarily bound by clients’ desires and instructions. The question as to how far individuals should go and the extent to which attorneys should follow their clients’ desires, even to the point of attempting to vindicate their assertions at the expense of nullifying their monetary expectations, is one which this court will not determine but merely will call to the attention of all those interested the adminition that practical considerations should not be overlooked.
The assets of this estate consist of approximately $6,500. At various stages of the various proceedings expenditures and fees have necessarily been awarded, including two special guardians’ fees and charges for annual bond premiums for the temporary administrator.
The court will award to Louis W. Manchester, attorney for proponent, the following amounts: Disbursements, in the main consisting of transcripts of testimony and printing of records and briefs on appeals, the total sum of $3,075.20, plus $125 as costs awarded by the Court of Appeals; in addition thereto, as a total allowance for his legal services, the sum of $500. To Robert S. Lesher, attorney for the objectants, the court will award the sum of $1,142.15 for disbursements of a similar nature, plus the sum of $350 as allowance for his legal services. It is apparent that these attorneys’ fees might not adequately compensate the attorneys for the time and effort spent.
The will having been admitted to probate on May 21, 1965, several months must elapse before this estate may be finalized. Upon the judicial settlement the executors will account and arrange for the distribution of the balance of this estate, if any. Submit order accordingly.